PHILIPS (POTE v.). See Case No. 11,316.

PHILIPS v. WILSON. See Case No. 11,109.

PHILLIBAUM (HOLTZAPPLE v.). See Case No. 6,648.

PHILLIP BEST BREWING CO. (GOTTFRIED v.). See Case No. 5,633.

---

## Case No. 11,097.

### In re PHILLIPS.

[10 Int. Rev. Rec. 107; 2 Am. Law T. Rep. U. S. Cts. 154; 1 Chi. Leg. News, 449; 16 Pittsb. Leg. J. 189.]

District Court, D. Virginia. Sept., 1869.

INTERNAL REVENUE — SUMMONS OF ASSESSOR — WHEN OBJECTIONS TO SHOULD BE TAKEN — REFUSAL OF WITNESS TO ANSWER — WHEN IMPROPER.

1. Witness was summoned and appeared for examination before an assessor under section 14 of the act of 1864, as amended, and refused to answer questions propounded touching the falsity or verity of certain tax returns of tobacco manufacturers. He was thereupon attached as for contempt, upon application of the assessor, and on a motion for his discharge, held, the power conferred upon the assessor and exercised by him in the premises is constitutional. The questions were pertinent and proper, and the witness must answer.

[Cited in Re Platt, Case No. 11,212.]

2. It is no defence that the answers would tend to criminate witness, inasmuch as no disclosures or admissions so made can be used against him in criminal or quasi criminal prosecutions, under the act of February 25, 1868.

[Cited in U. S. v. McCarthy, 18 Fed. 89.]

At law.

UNDERWOOD, District Judge. In this case the respondent, Phillips, was summoned to appear before the assessor of the Second district of Virginia, to answer interrogatories respecting the monthly returns of certain tobacco manufacturers which, in the opinion of said assessor, were false and fraudulent; the summons having been issued pursuant to the provisions of section 14, Act of March, 1865 [13 Stat. 469], amended July 13, 1866 [14 Stat. 98]. To some of the interrogatories propounded by the assessor, the said Phillips, who duly appeared in response to the summons, declined to make answer, whereupon the assessor applied to the district judge for an attachment, which was granted, and the said Phillips, having been brought before the judge, and a hearing having been had, the respondent asked to be discharged from arrest upon three grounds: (1) Because of alleged defects in the assessor's summons, in that it did not state any particular case or subject-matter with respect to which the respondent was required to testify. (2) Because the interrogatories which he declined to answer were not such as the assessor

could legally propound. (3) Because answers to said interrogatories, if given, would expose and subject him to a criminal prosecution.

The statute does not prescribe a form for the summons to be issued in cases like this. The form adopted in this case is perhaps open to exception, because of its omission to specify the case or subject-matter with respect to which the testimony was required. Had the respondent, on that ground, declined to appear in obedience to the summons, or having appeared, had he declined to answer any interrogatory until the subject of inquiry had been made known to him, and the subject of inquiry had then been withheld, the objections to the summons, now urged, would have come with force. But the respondent appeared before the assessor, in obedience to the summons, the subject-matter of the inquiry was made known to him as appears by the record, and he still refused to answer; not, however, because of any insufficiency in the summons. It would be sacrificing substance to form to allow the objections to the summons under such circumstances now to prevail. The interrogatories which the respondent refused to answer were interrogatories as to his transactions in tobacco with the several parties whose returns were believed to be fraudulent. The answers, if given, would have tended directly either to falsify or to verify the said returns. The interrogatories were therefore relevant and pertinent to the subject-matter of inquiry. The subject-matter of inquiry, too, was clearly within the assessor's jurisdiction. In the exercise of its power to lay and collect taxes, congress may employ whatever means are necessary and proper for its effective exercise, provided the means employed are not prohibited by the constitution. The objection that the inquiries are inquisitorial in their character is too vague, and would apply with equal force to the income tax, and in fact to nearly all the taxes which are imposed by the government. It would, if allowed, defeat all efforts to detect every tobacco and whiskey conspiracy to defraud the treasury, and the government would be compelled to surrender to its worst and most unscrupulous enemies.

The proceedings authorized by section 14 are clearly "necessary and proper" for the end to be attained, and they conflict with no provision of the constitution. The assessor was, therefore, in the exercise of a jurisdiction or authority lawfully conferred; the interrogatories propounded were such as appertained to its regular and legitimate exercise; the answers were properly required, and should have been given. The act of congress of February 25, 1868 [15 Stat. 37]—the "Act for the protection in certain cases of persons making disclosures as parties or testifying as witnesses"—prohibits the disclosures and admissions of such persons from being used against them, before any court of the United States, in any criminal or quasi-criminal prosecution, and I consider that act as embracing disclosures and admissions in proceedings like the present.

That being so, the respondent, by any answers which he may give to the interrogatories, cannot thereby be subjected to a criminal prosecution, since his answers cannot be used against him. If it be said that although his answers cannot themselves be used against him, they may nevertheless point to other information not otherwise to be obtained, which, when obtained, may be used and successfully used against him, it is, to my mind, a sufficient reply to quote the court of appeals of New York, (People v. Hackley, 24 N. Y. 83): "But neither the law nor the constitution is so sedulous to screen the guilty as the argument supposes. If a man cannot give evidence upon the trial of another person without disclosing circumstances which will make his own guilt apparent, or at least capable of proof, though his account of the transaction should never be used as evidence, it is the misfortune of his condition, and not any want of humanity in the law."

The refusal, therefore, of the respondent to answer the interrogatories is not sustained by any sufficient ground, and his discharge from arrest is conditioned upon his answering the same fully.